ORANGE,
March,
1834.

Heirs of Smith
vs.
Heydock.

---

## ALFRED PHILBROOK vs. WILLIAM BELKNAP.

ORANGE,
March,
1834.

The statute of frauds, which prohibits a suit upon certain contracts not in writing, does not make the contract void, but, so far as the same may have been performed, the party, as to what has been done, may defend under it.

If A agree to serve B for three years, for a stated compensation, the contract being entire, and serve for six months, and then voluntarily leave the service, he cannot recover *pro rata* for his service; and, supposing the contract to be within the statute, still, if A sue for his services, B may protect himself under the terms of the contract.

This was an action on book account, referred to auditors in the county court, who found for the defendant, and made the following special report of the facts in the case :

"The plaintiff produced the following account, to wit:

'William Belknap to Alfred Philbrook,     Dr.

1831, Oct. 1. To labor 5 1–2 months, commen-
    cing 11th April, 1831, and ending about the
    last day of September following, at $8,00 per
    month,   -   -   -   -   -   -   $44.00.'

The defendant produced no account. The plaintiff offered himself to testify to his account, to which the defendant object-ed; he, the defendant, offering to prove that the labor charged was done under a contract by the parties, that plaintiff should labor for defendant three years, which was not performed on the part of the plaintiff. The objection was overruled, and ·

ORANGE,
March,
1834.

Philbrook
vs.
Belknap.

the plaintiff sworn and testified in the case. The defendant was also sworn without objection, and testified in the case. The plaintiff having testified that he performed the labor, that it was worth the sum charged, and that he had received no pay therefor, rested his case. The defendant then offered to prove that the labor charged was performed under a contract, that plaintiff was to labor for defendant three years, at eight dollars per month, which contract plaintiff had violated, by refusing to labor other than the 5 1-2 months as charged. To this evidence the plaintiff objected, that such testimony was irrelevant, and would constitute no defence in law. The objection was overruled and the testimony admitted, the parties having both testified relating to the amount. The defendant and sundry other witnesses having also been examined, the auditor finds the following facts in the case:—That in April, 1831, the plaintiff having had some practice in edge-tools, applied to defendant, who was a master millwright, to hire out to defendant to work with him at the defendant's trade, when it was agreed by the parties that plaintiff should work for defendant at said trade three years, at eight dollars a month, the defendant to instruct the plaintiff in the art or trade of a millwright; but if plaintiff left the defendant before the end of the three years, unless in case of sickness, plaintiff to have nothing for his labor. The plaintiff then, in April, 1831, commenced laboring with defendant, and continued for five months and a half, during which time he was a faithful laborer at the trade, and well earned the defendant the sum charged in plaintiff's account, the defendant having the whole of said time received in goods out of different stores one dollar per day and board for the plaintiff's services, for which the plaintiff had received no pay; that defendant, during said time, boarded and properly instructed the plaintiff in said trade; that at the end of said five and a half months, plaintiff gave notice to defendant, that unless his wages were raised to one hundred and twenty dollars per year, he should quit, which being refused by defendant, plaintiff did quit, against the will of the defendant, said employment and town, without any reasonable cause, and has never since returned or offered to return to defendant's employment; that said contract between the parties was verbal and never reduced to writing. Whereupon, the auditor, after offering the parties to refer the law arising upon the facts to the court, (which they declined) reports that there is nothing due from either party to balance book accounts, (the auditor having disallowed the only item in the case) whereupon finds for the defendant his cost."

The county court reversed this decision of the auditor, and gave judgment for the plaintiff. To this the defendant excepted, whereupon the cause passed to this court for further adjudication.

*Counsel for defendant.*—The contract is special, and the suit should have been a special action of assumpsit.

The plaintiff cannot sustain his action upon the facts stated, as he has not performed the contract on his part.—1 Chitty, 339. 1 Vt. Rep. 257. 2 East. 4 East.

Book action will not lie in this case.—Aik. 73. do. 145. Brayton, 39—do. 105. Day's Reports, 582. Swift's Digest, 75.

*Smith and Peck, contra,* cited 15 John. Rep. 503.

The opinion of the court was pronounced by

PHELPS, J.—This case comes before us upon a special report of the auditor. It seems, that the auditor, upon the facts stated in his report, found for the defendant; the county court reversed that decision, and gave judgment for the plaintiff. To this the defendant excepted, and the question now is, which of the parties, upon the facts found, is entitled to judgment. An exception is taken to the form of the action, which we do not think well founded. If the plaintiff be entitled to recover at all, the claim becomes a mere claim for services at a fixed monthly compensation, and an ordinary subject of book charge, and of recovery in this form of action. The objection that the special contract precludes a recovery, depends upon the terms and effect of that contract, and goes to the merits, rather than the form of the action. The effect of the contract upon this question, depends upon the inquiry whether the performance of the labor is a condition precedent to the right of recovery, or, on the other hand, whether the promises are independent.

The subject of dependent and independent covenants, or promises, is much perplexed, and so much ingenuity and learning have been expended upon it, that, like some other branches of the law, it seems to be involved in a sort of artificial embarrassment. If, in this case, the plaintiff had stipulated for a gross sum, to be paid at the expiration of his service, the performance of the labor would doubtless be regarded as a condition precedent. But as the compensation was at a certain rate per month, if it should appear that payment was to be made as fast as it was earned, the case would be different. The auditor does not report when the wages were to be paid; but fortunately there is a fact stated in the report, which relieves us from all difficulty on the subject. It is clearly competent for

ORANGE, March, 1834.

Philbrook vs. Bolknap.

the parties to make their undertakings dependent, or independent, as they deem expedient; and where their intent is ascertained, it is decisive of the question. In this case, the stipulation that the plaintiff should have nothing for his services, if he left the service of the defendant before the expiration of the three years, makes the performance of the whole service a condition precedent; and if that part of the contract be binding upon him, he cannot recover.

It is argued, however, that the contract is void, by force of the statute of frauds. Admitting that this contract is within the terms of the statute, yet it may be well to inquire, what is the effect of the statute upon it. Although it is common to speak of a contract as void by the statute of frauds, yet, strictly speaking, the statute does not make the contract void, except for the purpose of sustaining an action upon it, to enforce it. The statute provides, that no action shall be sustained upon certain contracts, unless they are evidenced by writing. It operates therefore upon the contract, only while it is executory. It does not make the performance of such a contract unlawful, but, if the parties choose to perform it, the contract remains in full force, notwithstanding the statute, so far as relates to the legal effect and consequences of what has been done under it. Hence a party may always defend under such a contract, when sued for any act done under it. Thus, suppose a crop of grass is sold by parole, and the vendee enters upon the land and cuts it. If an action of trespass should be brought against him, by the vendor, upon the ground that the contract was void, still, although the contract is within the statute, it would furnish a sufficient defence, because it is executed. This very case affords an illustration of the effect of the statute. If the defendant had sued the plaintiff for not performing the contract, in not serving the full period, the case would be open to a defence under that statute; the contract being, to the purposes of such a suit, executory, and the attempt being to sustain an action on it as such. But in this case, the contract, so far as the service has been performed, is executed, and is relied on as regulating and determining the right of the plaintiff to compensation for what has been done under it. We are here concerned only with what has been done. The question is, what the plaintiff is entitled to for his labor; and this depends upon the terms of the contract, under which he performed the service. Had the whole service been performed, the rate of com-

ORANGE,
March,
1834.

Philbrook
vs.
Belknap.

pensation would, without doubt, be regulated by the terms of the contract. No court would discard that contract, and resort to a *quantum meruit*. The principle is the same as to a performance in part. The defendant may be without remedy, for the desertion of the plaintiff, but he may certainly protect himself as to what has been done.

Any other rule would be productive of monstrous injustice, and make the statute an instrument of fraud. It is on this ground, that courts of equity will enforce a contract of such a nature, which is partly performed, where the party cannot be made good, without a full performance. The statute was merely intended to prevent frauds, by setting up and enforcing, by parol proof, simulated contracts, and hence is called the statute of frauds and perjuries. It was not intended to vary or control contracts, which the parties have voluntarily carried into effect; nor to deprive parties of the protection of such stipulations as they may have made for their security, and in reliance upon which they have acted.

This construction is the only safe one that can be given to the sta e, and it is the only one which has ever been given to it. S ppose a party enters into possession, under a parol lease years; was it ever imagined that he could be made liable as a trespasser? Suppose a promise to pay the debt of anoth r, and the debt actually paid. Was it ever attempted to reco r back the money by force of the statute?

We are the more satisfied with this view of the subject, as we are persuaded that full justice will be done by it. The plaintiff is doubtless amply compensated, for the loss of the stipulated wages, by the instruction received, and the enhanced wages which he may obtain elsewhere in consequence; and the defendant gains nothing, as he loses the services of the plaintiff when they become more valuable.

It only remains to add, that this case falls most clearly within the decision of *Hall* vs. *Bell*, ante. p. 35.

Judgment reversed, and judgment for the defendant.