### E. J. ARTHER et al. *v.* HILARY J. PEARSON.

VENDOR AND VENDEE : MUTUAL COVENANTS : RESCISSION OF CONTRACT.—The vendor who has executed a title bond, conditioned to convey title upon the payment of the purchase-money, cannot, upon the purchase-money falling due and remaining unpaid, rescind the contract by a mere notice to the vendee that the contract is at an end;—the covenants to pay the purchase-money and to convey title being mutual and dependant, neither party can be put in default in the performance of the contract, without an offer on the part of the other to perform his covenant.

APPEAL from the District Chancery Court, at Fulton. Hon. James F. Trotter, vice-chancellor.

The condition of the title bond executed by the appellant to the appellee, after reciting the sale of the land, and the amount of the purchase-money, and the note given therefor, and the time it would become payable, was as follows :—" Now upon the payment of the sum of money which may be due on said note, if the above bound E. J. Arther ·shall make, or cause to be made, to the said H. J. Pearson, his heirs and assigns, a good and lawful title in fee simple, by deed of conveyance, to the above described land, then the obligation to be void; otherwise to be in full force.

*Dowd* and *Haughton,* for appellant,

Cited *Hatch* v. *Cobb,* 4 Johns. C. R. 359 ; *Hempshall* v. *Stone,* 5 Ib. 193; *Halloway* v. *Moore,* 4 S. & M. 594; 9 S. & M. 596 ; *Stewart* v. *Gales,* 30 Miss. R. 101.

*J. M. Acker,* for appellee,

Cited *Stockton* v. *George,* 7 How. 172; *Jackson* v. *Johnson,* 27 Miss. R. 498; *Eckford* v. *Gales,* Opinion Book H. p. 681.

FISHER, J., delivered the opinion of the court.

The appellee filed this bill in the Vice-Chancery Court, at Fulton, for the purpose of compelling a specific performance of a certain contract in regard to a tract of land purchased by the appellee from the appellant.

The contract appears to have been as follows:—Arther by his attorney, sold the ·land to the appellee, on the 3rd of January, 1853; took his note for the purchase-money, falling due the 1st of March, 1854; and at the same time, (date of contract,) executed his bond for title, conditioned to make title upon the payment of the purchase-money. The purchaser failing to make payment, sometime about June, 1854, the vendor notified the purchaser that the contract was at an end, whereupon, the purchaser, in a few days, tendered the money and demanded a deed ; and the vendor refusing to receive the money and to make the deed, this bill was filed.

It will be seen by reference to the title bond, that the covenants of the parties are mutual and dependant; to wit, the payment of the money and the conveyance of the title were to be concurrent acts; and it follows hence, that neither party could place the other in default in performing the contract, without an offer on his part likewise to perform. The purchaser was not bound to part with his money without the title, nor was the vendor, in his turn, bound to part with the title without the money. The only question, therefore, to be considered is, whether the notice given by the vendor to the vendee, that the contract was rescinded or at an end, can be treated as a sufficient offer to perform. The mere statement of the question, would seem to contain its appropriate answer; and so far from the notice being an offer to perform, it was clearly a declaration by the party, that he did not intend to perform his covenant. He could only tender performance by offering what his covenant bound him to do.

We are, therefore, of opinion, that there is no error in the decree of the court below.

Decree affirmed.