332 So.2d 417 (1976)
G.C. COATS, Jr. and Mrs. Rosalie Coats
v.
J.F. TAYLOR and Mrs. Doris I. Taylor.
No. 48694.
Supreme Court of Mississippi.
June 1, 1976.
Adams & Odom, Meridian, for appellants.
Corey & Corey, Meridian, for appellees.
Before PATTERSON, ROBERTSON and BROOM, JJ.
ROBERTSON, Justice:
By original bill of complaint sworn to on March 6, 1974, J.F. Taylor and his wife, *418 Mrs. Doris I. Taylor, brought suit in the Chancery Court of Lauderdale County against G.C. Coats, Jr. and his wife, Mrs. Rosalie Coats, for $1,713.67, which represented a down-payment of $1500 and $213.67 (the first monthly installment on a promissory note to be executed) on the purchase of a residence.
The complainants averred that an oral contract had been entered into on February 8, 1974, for the purchase of the residence, that their check was given on that date, and that the deed, note and deed of trust were to be prepared on that date and submitted to them for their approval.
Complainants then averred:
"Finally such papers were prepared on February 12, 1974, and copies thereof were submitted to the complainants for examination by them. Upon examination, the complaints discovered that provisions had been inserted in the proposed deed, which provisions had never been discussed, and which provisions were not acceptable to the complainants. The complainants then notified the defendants that they were not satisfied with the papers and that they had decided not to purchase the property. They demanded the return of the money which defendants had received by cashing the aforesaid check contrary to their verbal agreement. The defendants have refused to return such money." (Emphasis added).
Defendants answered:
"Defendants admit that the papers were supposed to have been submitted on February 8, 1974 but that because of a delay not occasioned by themselves the papers were prepared and submitted to the complainants on February 12, 1974. It is admitted that certain provisions were included in the deed which had not been discussed with the complainants and if complainants had objected to same, same would have been removed from said deed upon their request; however, the complainants did not make any specific objection to the deed; only informed your defendants by undated letter, a copy of which is attached hereto as Exhibit "A" and prayed to be made a part hereof; said letter having been received by your defendants around the last of February 1974. After receiving such letter marked Exhibit "A," your defendants notified complainants that they were willing to discuss whatever objections were contained in the deed and remove same. However, this offer has never been answered. It is admitted that the complainants requested the return of the down-payment and that same has not been returned as your defendants have fully complied with the verbal agreement and have been and are still ready, willing and able to complete the purchase and sale of the property and have in no way been in default of any agreement and therefore, are entitled to retain said monies."
The undated letter, Exhibit "A", recited:
"Mr. and Mrs. Coates:
We are not satisfied with the contract as drawn and have decided not to purchase the property.
Please refund the amount of the check we gave you.
Enclosed are the 2 keys you gave us, they have not been used.
 "Sincerely,
 /s/ Joe Taylor
 Joe Taylor"
Complainants by written motion requested the court to set this matter for hearing on bill and answer, and the court sustained this motion.
The complainants and the defendants submitted briefs, and the court by final decree on December 18, 1974, entered judgment against the defendants for $1,713.67 "plus all costs herein expended", granted a lien on the property to secure the payment of the judgment, and provided that if the defendants did not pay the judgment in full *419 within 45 days that the chancery clerk, upon the request of the complainants, would sell the property at public sale after publishing notice for three weeks.
Our holding in Vanlandingham v. Jenkins, 207 Miss 882, 43 So.2d 578 (1949), is dispositive of this case. In Vanlandingham, there was an oral agreement for the purchase of property. The Vanlandinghams put up $400 as earnest money with the real estate firm of Holcomb and Longino. Jenkins had his attorney, E.M. Yerger, prepare the necessary papers. In affirming the decree of the chancery court awarding the earnest money to defendant Jenkins, this Court first stated the pertinent facts:
"At this meeting, the Vanlandinghams objected to the notes being in the sum of $50.74, instead of $50, and Jenkins agreed to reduce the notes to $50 per month. Then, the Vanlandinghams demanded an abstract of title. Mr. Yerger explained that he had examined the records and was prepared to give them his opinion of title, and would furnish his abstract within a few days, as soon as it could be gotten up from the records. The Vanlandinghams refused to close the trade without the abstract of title, and Mr. Yerger told them he would have to set another day for the closing of the transaction, after the abstract had been prepared. This conference was in the late afternoon, and after adjournment the Vanlandinghams notified Mr. Yerger that the trade was off, and they would not go through with their contract. The Vanlandinghams then demanded the return of the $400 paid to Holcomb and Longino as earnest money." 207 Miss. at 888, 43 So.2d at 580.
......
"The appellants also argue that the deed which was tendered to the grantees contained a provision requiring the grantees to pay the taxes for the current year, in contradiction of the agency contract which provided that the grantor was to pay the taxes." 207 Miss. at 890, 43 So.2d at 581.
This Court continued, in its opinion:
"It is clear from the evidence in this record that at the meeting in Mr. Yerger's office the Vanlandinghams urged only two objections  one was that the monthly notes were in the amount of $50.74, and the other was that no abstract of title had been furnished. No objection was raised to the form of the deed requiring the Vanlandinghams to pay the taxes. The record shows that Jenkins agreed to reduce the notes from $50.74 to $50 and agreed to furnish the abstract of title. It is reasonable to assume that he would also have agreed to strike from the deed the provision in regard to the taxes had any request been made of him that he so do. Anyhow, it is too late for him to now complain of any objection that he did not at that time make, and that the grantor did not have an opportunity to meet. This has been the law of this State since 1875, when Moak v. Bryant, 51 Miss. 560, was decided." 207 Miss. at 890, 43 So.2d at 581.
Actually the law of this State on this particular point has been settled since 1847, when in deciding Sims v. Hutchins, 8 Sm. & M. 328 (Miss. 1847), the High Court of Errors and Appeals for Mississippi said:
"The only grounds for such a recovery are the unwillingness or inability of the vendor to convey according to contract, or a mutual abandonment of the contract. That the contract was not in writing may be good ground of defence, when specific performance of the contract is sought against the vendor, for whose benefit the statute was passed; but if the vendor is willing to perform, the price paid cannot be recovered back. Contracts by parol for land are generally regarded as voidable merely. Philbrook v. Belknap, 6 Verm.R. 383. On this principle it is clear, that if the vendor does nothing to avoid the contract, but on the contrary is both able and willing to perform, the vendee cannot recover what he has paid. *420 The precise point now before us was raised in the case of Dowdle v. Camp, 12 Johns. 451, and it was holden that the vendee could not recover back his money without some default of the vendor." 8 Sm. & M. 328 at 330-31.
The bill of complaint should have been dismissed.
The judgment of the chancery court is reversed, and judgment rendered here for the appellants, G.C. Coats, Jr. and wife, Mrs. Rosalie Coats, dismissing the bill of complaint.
REVERSED AND RENDERED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, SUGG, WALKER, BROOM and LEE, JJ., concur.